STATE v. JOE WILLOUGHBY.

(Filed 15 September, 1920.)

**1. Instructions—Admissions—Issues—Statutes—Criminal Law.**

Where the only fact at issue is whether the defendant was the one who had broken into and robbed a store, objection that the charge did not "state in a plain and correct manner the evidence given in the case, and explain the law arising thereon." Rev., 535, is untenable, as the whole controversy is reduced to the determination of one fact.

**2. Appeal and Error—Objections and Exceptions—Instructions—Omissions—Special Requests.**

Exception that the court did not charge the jury in a particular way or omit to give a special instruction on the evidence must be the refusal to give a proper prayer therefor.

**3. Instructions—Admissions—Circumstantial Evidence—Criminal Law.**

The instructions in this case, where the breaking into and robbing a store is admitted, and the identity of the defendant is the only question, are held unobjectionable as charging an admission of defendant's guilt, and upon the law of circumstantial evidence.

**4. Criminal Law—Evidence—Declarations—Admissions.**

The prosecuting witness may give a list of all the goods lost from the store which the defendant is being tried for breaking into and robbing, so that they may be traced by the State; and the declaration of a witness as to the identity of one of them, made in defendant's presence and not denied by him, is competent as his *quasi* admission.

APPEAL by defendant from *Cranmer, J.,* at the March Term, 1920, of PASQUOTANK.

The defendant was convicted upon an indictment containing two counts, one charging the breaking and entering a certain store with intent to steal, and the other charging the stealing of certain goods from said store, and appealed from the judgment pronounced on the verdict.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Aydlett & Simpson for defendant.*

ALLEN, J.   On the trial in the Superior Court it was "conceded and admitted that the store had been broken into and robbed, and that the only question for the jury to decide was whether it had been proven beyond a reasonable doubt that the defendant was the guilty party."

This is the statement in the record, and it answers the criticisms of the charge, which are mainly directed to the failure to "state in a plain and correct manner the evidence given in the case, and declare and explain the law arising thereon," as required by statute, Rev., 535, as it reduced the whole controversy to the determination of one fact, freed from the consideration of any legal question.

It also appears there were no requests for special instructions to the jury, and "A party cannot ordinarily avail himself of any failure to charge in a particular way, and certainly not of the omission to give any special instruction, unless he has called the attention of the court to the matter by a proper prayer for instructions.   So if a party would have the evidence recapitulated, or any phase of the case arising thereon, presented in the charge, a special instruction should be requested. *Boon v. Murphy,* 108 N. C., 187."   *Simmons v. Davenport,* 140 N. C., 411.

This principle is not disturbed by what is said in *S. v. Cline,* 179 N. C., 704, because two members of the Court dissented in that case, and two members who concurred in the order for a new trial did so on the other grounds than those stated in the opinion.

The defendant specially complains of the following charges to the jury:

"1. There is no contention about the breaking or the larceny, both are admitted, and should give you no concern, as they are eliminated from your consideration.   You are to find whether the defendant committed the larceny.   It is your duty to ascertain the truth from the evidence, and in so doing you may consider not only what the witness said, but their demeanor on the stand.

"2. The evidence is circumstantial.   The court charges you that circumstantial evidence is a recognized instrumentality of the law in finding truth, and is essential in our practice, but it should be closely and cautiously scanned, and each fact proving a necessary link in the chain of circumstances must point to the guilt of the defendant.   It has been compared to the strands of a rope, where no one strand may be sufficient in itself, but all together may be strong enough to prove the guilt beyond a reasonable doubt.

"You must be satisfied beyond a reasonable doubt as to each material fact in the chain of circumstances.   You are the sole judge of the evidence."

The first of these charges does not contain the statement that the defendant admitted his guilt, but that the breaking and stealing by some one was admitted, which is the position maintained by the defendant throughout the trial, and the second is correct as a legal proposition.

It may have been well to add that the circumstances found by the jury to exist must exclude every other reasonable conclusion except the guilt of the defendant, but the failure to do so is not reversible error in the absence of a special request to so instruct the jury.

We have examined the exceptions to evidence, and none of them can be sustained.

It was competent for the prosecuting witness to give an account of all the goods lost from the store in order. that the State might have the opportunity to trace some or all of the articles to the defendant, and the declaration of the witness as to the identity of one of the articles was admissible as a *quasi* admission of the defendant, because made in his presence, and he made no denial at the time.

It was also in corroboration of the witness.

The exception that the defendant was not allowed to state the wages he was earning, if the evidence was competent, is contradicted by the record, which states that the defendant testified he received $12.50 per week, and it nowhere appears that this was withdrawn from the jury.

The evidence fully sustains the verdict, and we find no error in the trial.

No error.