EMMA CARR, Administratrix of ELIJAH CARR, JR., v. MATTHEW LEE.

(Filed 18 March, 1959.)

**1. Trial § 22a—**

On motion to nonsuit, plaintiff is entitled to have the evidence considered in the light most favorable to her and to have the benefit of every reasonable inference to be drawn therefrom.

**2. Automobiles § 39—**

Physical facts at the scene of a collision may speak louder than the testimony of witnesses.

**3. Automobiles § 17—**

Where two vehicles approach an intersection at approximately the same time, or the vehicle on the right first enters the intersection, the vehicle on the right has the right of way. G.S. 20-155 (a) (b).

**4. Same—**

The right of way at an intersection means the right of a driver to continue his direction of travel in a lawful manner in preference to another vehicle approaching the intersection from a different direction.

**5. Same—**

A driver having the right of way at an intersection is under no duty to anticipate disobedience of law or negligence on the part of others, but in the absence of anything which puts him on notice, or should

CARR v. LEE.

put him on notice to the contrary, he is entitled to assume, and to act on the assumption, that others will obey the law, exercise reasonable care and yield to him the right of way.

**6. Same—**

A driver who has the right of way at an intersection does not have the absolute right of way in the sense that he is not bound to use ordinary care in the exercise of his right, and he is nevertheless required to keep a reasonable lookout, keep his vehicle under control, and take reasonable precautions to avoid injury to persons and property, or when he sees, or by the exercise of due care should see, that an approaching driver cannot or will not observe the traffic laws, he must use such care as an ordinarily prudent person would use under the same or similar circumstances to avoid collision and injury.

**7. Automobiles § 7—**

The driver of a motor vehicle is charged with the duty at all times of keeping such a lookout as an ordinarily prudent person would keep under the same or similar circumstances, and he is required not only to look but to see what ought to have been seen.

**8. Automobiles § 41g— Evidence held insufficient to show negligence of driver of car entering intersection from the right as the proximate cause of collision at the intersection.**

Plaintiff's evidence was to the effect that her intestate was riding in a car owned and driven by defendant, that defendant entered an intersection at a rate of some 15 miles per hour, that defendant's car was struck about the center of the intersection by a car entering the intersection from his left, that defendant's car came to rest near the intersection with damage to its left front, and that the other car came to rest against a building some 104 feet east of the intersection, with damage on its front and right front. Plaintiff also introduced statements of defendant on adverse examination that he had slowed down and looked and did not see any car approaching, and that a person could see a car approaching, with its headlights burning, from the direction that the other car actually did approach, 25 to 30 feet when within 25 feet of the intersection. *Held:* Nonsuit was correctly entered, since, even assuming that defendant's failure to see the approaching vehicle was negligent, the testimony and the physical facts at the scene adduce the sole conclusion that defendant, at the point at which he might have reasonably discovered that the other car would not stop and yield him the right of way, did not have time to apply his brakes and control his vehicle in such manner as to avoid the collision.

**9. Death § 3—**

Nonsuit is properly entered in an action for wrongful death when plaintiff's allegation that she was duly qualified and acting administratrix of the deceased is denied in the answer and plaintiff offers no evidence in support of her allegation. G.S. 28-173.

APPEAL by plaintiff from *Bone, J.,* October 1958 Civil Term of NEW HANOVER.

Plaintiff seeks damages for the alleged wrongful death of her intestate from injuries received in a collision between two motor vehicles at an intersection of streets in the city of Wilmington, on 19 January, 1957.

The action was instituted 10 March, 1958, against defendants Matthew Lee, Marion Wright, Jr., and Mattie Wright. Summons was not served on Marion Wright, Jr., and Mattie Wright, and there was a judgment of voluntary nonsuit as to them prior to the trial.

Plaintiff's evidence revealed:

Plaintiff's intestate, Elijah Carr, Jr., was a guest passenger in a Dodge pickup owned by Matthew Lee and being driven by him northwardly along Seventh Street. (Matthew Lee is hereinafter referred to as the defendant.) The Dodge pickup collided with a Buick sedan owned by Mattie Wright and being driven eastwardly on Church Street by Marion Wright, Jr. The collision occurred about 6:15 p.m. Seventh Street runs north and south, is 36 feet wide south of Church Street and 27 feet wide north of Church Street. Church Street is 27 feet wide and is straight throughout its length. These streets intersect at right angles and Church Street slopes downwardly from the intersection looking west. A street light was burning at the intersection and another 150 feet west on Church Street. The speed limit at the intersection is 35 miles per hour. The weather was clear and the street dry. There were no traffic control signs or devices at the intersection. There is a one-story dwelling at the southwest corner, 35 feet west of Seventh Street and 27½ feet south of Church Street. A tree, which had shed its leaves, is also at the southwest corner.

The collision took place about the center of the intersection. There were skid marks "as if a car had skidded sideways" from the center of the intersection toward, but not extending to, the curb at the northeast corner. The Dodge pickup came to rest, facing east, at, but not across, the curb on Church Street near the northeast corner of the intersection and near a tree. Its right front headlight was burning. The Buick came to rest off the street against a church 104 feet east of the intersection. The vehicles were extensively damaged, the Dodge pickup on the left front, the Buick on the front and right front. The headlights of the Buick were "torn completely out." The plaintiff's intestate was found hanging from the Dodge pickup and was pronounced dead upon arrival at the hospital.

The plaintiff offered in evidence the testimony of the defendant Lee taken upon prior adverse examination, as follows: The deceased and defendant worked as longshoremen. They were on their way

home from work. Defendant was driving. The deceased was sitting between defendant and another passenger. They were proceeding northwardly on Seventh Street. One-half block south of the Church Strcet intersection, they stopped to permit a car to back out. Defendant proceeded at 15 miles per hour, slackened speed at the Church Street intersection, and was struck by the Buick coming from his left. "I do not remember seeing a car. . . . moving east on Church Street. . . . All I can remember is the collision. . . . I don't remember anything after the accident. . . . I didn't see anything coming as I proceeded to cross the street. . . . I don't remember ever putting the brakes on. I don't remember ever seeing the car with which I had the collision. . . . I regained consciousness in the . . . hospital. . . . I had slowed down to see if anything was coming. That is about the last act I remember doing. . . . If a car had been coming up Church Street going east on Church with its lights on, there is no reason that I couldn't have seen it. I just put my foot on the brake to slow it down a little bit. I was traveling in second gear at that time. . . . Church Street was a dark street and Seventh Street was a dark street. . . . You could see about 25 to 30 feet down there from the position 25 feet back."

No eyewitnesses, other than the defendant, testified.

When plaintiff rested her case, defendant demurred to the evidence and moved for judgment of involuntary nonsuit. The motion was allowed. From judgment dismissing the action, plaintiff appealed, assigning error.

*Everett, Everett & Everett and C. J. Gates for plaintiff, appellant.*
*Elkins & Calder and Royce S. McClelland for defendant, appellee.*

MOORE, J.   The sole question for decision in this case is whether or not the court erred in granting the motion for judgment of involuntary nonsuit.

The plaintiff contends that the evidence offered by her made out a *prima facie* case of actionable negligence.

The plaintiff is entitled to have the evidence considered in the light most favorable to her and to have the benefit of every reasonable inference to be drawn therefrom. *Primm v. King,* 249 N.C. 228, 106 S.E. 2d 223.

The plaintiff asserts that the actionable negligence of the defendant consisted of his failure to maintain a reasonable lookout, failure to keep his motor vehicle under proper control, and failure to apply brakes.

There is no evidence in the case to support, inferentially or otherwise, the view that the Buick driven by Marion Wright, Jr., entered the intersection first. The defendant's testimony, offered by the plaintiff, discloses that he reduced speed and was driving at less than 15 miles per hour and in second gear at the time of the collision; that the collision took place about the center of the intersection; and that the Buick came from his left. This evidence is uncontradicted. There were no traffic signs at the intersection. Plaintiff solemnly alleges that Marion Wright, Jr., operated the Buick at an "unlawful speed of 50 miles per hour in a 35 mile zone . . . and permitted it to enter into said intersection . . . at such unlawful, dangerous and excessive rate of speed . . . and he failed properly to apply the brakes . . . and slacken its speed . . ." The physical evidence tends to bear out the testimony of defendant and the said allegations of plaintiff, or at least is not inconsistent therewith. This is particularly true as regards the respective distances traveled by the vehicles before coming to rest and the damaged parts of the vehicles. Physical facts at the scene of a collision often speak louder than testimony of witnesses. *S. v. Hancock,* 248 N.C. 432, 103 S.E. 2d 491.

The conclusion is inescapable that the vehicles entered the intersection at approximately the same time, or that the defendant's vehicle entered first. In either case the defendant had the right of way, that is, the right to proceed uninterruptedly in a lawful manner in the direction in which he was moving in preference to another approaching from a different direction into his path. *S. v. Hill,* 233 N.C. 61, 62 S.E. 2d 532; G.S. 20-155 (a) (b). The defendant was under no duty to anticipate disobedience of law or negligence on the part of others, but in the absence of anything which put him on notice, or should have put him on notice, to the contrary, he was entitled to assume, and to act on the assumption, that others would obey the law, exercise reasonable care and yield to him the right of way. *Bennett v. Stephenson,* 237 N.C. 377, 75 S.E. 2d 147.

However, one who has the right of way at an intersection does not have the absolute right of way in the sense that he is not bound to use ordinary care in the exercise of his right. When he sees, or by the exercise of due care should see, that an approaching driver cannot or will not observe the traffic laws, he must use such care as an ordinarily prudent person would use under the same or similar circumstances to avoid collision and injury. His duty under such circumstances consists in keeping a reasonable lookout, keeping his vehicle under control, and taking reasonable precautions to avoid injury to persons and property. *Primm v. King, supra; Caughron v.*

*Walker,* 243 N.C. 153, 90 S.E. 2d 305; *Henderson v. Henderson,* 239 N.C. 487, 80 S.E. 2d 383.

In the instant case the evidence discloses nothing which would have, if observed, reasonably put the defendant on notice of a possible collision in time for him to have taken measures to avoid it. See *Lucas v. White,* 248 N.C. 38, 102 S.E. 2d 387.

It is true that the driver of a motor vehicle is charged with the duty at all times of keeping such a lookout as an ordinarily prudent person would keep under the same or similar circumstances. *Smith v. Kinston,* 249 N.C. 160, 105 S.E. 2d 648. The duty is not only to *look,* but to *see* what ought to have been seen. *Keener v. Beal,* 246 N.C. 247, 98 S.E. 2d 19.

The defendant testified that he looked westwardly on Church Street, but did not at any time before the collision see the Buick approaching. He stated that he could have seen it if its lights had been burning. In any event, it is impossible to understand how the defendant could have reasonably avoided the collision under the circumstances of this case even if he had seen the Buick approaching. He had the right to assume that a vehicle approaching from his left would stop and yield to him the right of way. Considering his position, the size of the intersection, the speed of the approaching vehicle, and the point at which he might have reasonably discovered that the Buick would not stop and yield the right of way, it would not have been reasonably possible for him to avoid the collision even if he had seen the approaching vehicle and realized the danger.

Assuming that his failure to see the approaching vehicle was negligence, it could not under the circumstances have been a proximate cause of the collision. *Marshburn v. Patterson,* 241 N.C. 441, 85 S.E. 2d 683.

As for the contention that defendant did not apply brakes, the matter of applying brakes is part and parcel of proper control. And proper control is the twin brother of reasonable lookout. When the duty of reasonable lookout has been performed and avoidable danger has been discovered, the duty to control arises. We have already said in effect that under the circumstances in this case the defendant could not have reasonably discovered the peril in time to control his vehicle in such manner as to avoid the collision.

Similar situations existed in *Brady v. Beverage Co.,* 242 N.C. 32, 86 S.E. 2d 901, and *Loving v. Whitton,* 241 N.C. 273, 84 S.E. 2d 919. The principles applied in those cases have application here.

We point out that the defendant denied the allegation of plaintiff that she was the duly qualified and acting administratrix of the de-

ceased, Elijah Carr, Jr. No evidence was offered by plaintiff that she was such administratrix and had right to maintain the action. G.S. 28-173. The want of such evidence alone is sufficient to sustain the nonsuit even if there were no other ground for so doing.

Affirmed.