## STATE v. ALEX TAYLOR.

### (Filed 20 May, 1959.)

**1. Criminal Law §§ 33, 84, 85— Intoxicating Liquor § 12—**

Where there is testimony that the intoxicating liquor in question was placed on defendant's premises by another, and defendant has testified that on the day before the whiskey was found on defendant's premises he had not been in the presence of such other person, testimony by a State's witness that on the day before the occurrence defendant was seen in the presence of such other person is competent as material to the issue as to whether the liquor was placed on defendant's premises with his consent, and the rule that the State is concluded by the defendant's testimony as to a collateral matter is inapposite.

**2. Criminal Law § 156—**

Ordinarily an exception to an exerpt from the charge does not present asserted error of the court in failing to charge further on the same or another aspect of the case.

**3. Intoxicating Liquor § 5—**

While mere knowledge of defendant that intoxicating liquor is on his land does not establish as a matter of law that the whiskey is in defendant's constructive possession, if the whiskey is on defendant's premises with his knowledge and consent, he has constructive possession thereof while it remains on premises under his exclusive control.

**4. Criminal Law §§ 135, 169—**

Where no error is found on the count upon which sentence is suspended, the judgment must be set aside and the cause remanded for proper judgment.

APPEAL by defendant from *Armstrong, J.,* November 24, 1958, Criminal Term of GUILFORD, Greensboro Division.

Criminal prosecution on two-count warrant charging (1) unlawful possession of nontaxpaid whiskey, and (2) unlawful possession of nontaxpaid whiskey for the purpose of sale, tried *de novo* in superior court on appeal by defendant from conviction and judgment in Municipal-County Court of Greensboro.

Evidence was offered by the State and by defendant. The evidence disclosed that, on August 27, 1958, about 9 A.M., law enforcement officers searched defendant's premises and found thereon, "immediately behind his garage," four cases, "stacked two on two," each containing twelve half-gallon (fruit) jars of nontaxpaid whiskey, a total of twenty-four gallons, which cases or cartons were covered with logs, sacks, tarpaulins, with a piece of tin on top. Whether this whiskey (1) was in defendant's possession, and, if so, (2) was in his

possession for the purpose of sale, were the controverted and determinative questions.

The court, based on the jury's verdict of "GUILTY AS CHARGED IN THE WARRANT," pronounced these judgments, viz.: (1) On the first count, judgment imposing a sentence of twelve months; (2) on the second count, judgment imposing a sentence of eighteen months, to begin upon expiration of the sentence of twelve months imposed on the first count, suspended for three years on specified conditions.

Defendant excepted and appealed.

*Attorney General Seawell and Assistant Attorney General McGalliard for the State.*

*E. L. Alston, Jr., for defendant, appellant.*

BOBBITT, J. Defendant's assignments of error, directed to the court's denial of his motion for judgment of nonsuit, are overruled. Indeed, on oral argument, defendant's counsel frankly conceded that the evidence, considered in the light most favorable to the State, was sufficient to warrant submission to the jury and to support the verdict. Hence, there is no need to state evidential facts other than those necessary to understand the assignments of error stressed by defendant.

On cross-examination, defendant testified: "The man I think put the stuff there is Oliver Lucas who lives right behind me." Again: "He (Oliver Lucas) came up to the house about two or three days before that to speak to me about this — I guess it's this; I don't know. He wanted to use my garage to put white liquor in and I said 'No.' And he said: 'Well, in case you do see some around there, you won't say anything about it, will you? You won't see it?' or something like that, and as far as I know, I didn't answer him. . . . I told him he couldn't use the garage. As for telling him that he couldn't put it behind the garage, I don't believe I ever answered him." Defendant testified that if he had seen Lucas the day preceding the day of his arrest, that is, on August 26, 1958, "it was off at a distance," and that he was not "in Oliver Lucas' presence."

After defendant had so testified, the State offered an ABC enforcement officer who testified, over objections by defendant, that he had seen the defendant on August 26, 1958, between seven and eight A.M., in company with Oliver Lucas and one Woodrow Jordan, on Union Street in Greensboro; that defendant and Lucas left together in a 1946 Mercury four-door sedan; and that Jordan left in another car.

Defendant's contention that the court erred in admitting the officer's

testimony is based upon the premise that it related to a collateral matter and therefore the State was bound by defendant's answer. Relevant to whether the subject of the contradictory testimony relates to a material or a collateral matter, defendant quotes Stansbury, North Carolina Evidence, § 48(3): "The proper test would seem to be whether the evidence offered in contradiction would be admissible if tendered for some purpose other than mere contradiction; or, in case of prior inconsistent statements, whether evidence of the facts stated would be so admissible." The "proper test," as so defined, is amply supported by cases cited by Professor Stansbury and by defendant. But when this test is applied, it appears that the officer's testimony was competent.

The State's evidence in chief contained no reference to Lucas. Lucas was introduced by defendant as a person who, *two or three days* before the whiskey was found, had approached defendant with reference to putting nontaxpaid whiskey on defendant's premises and to whom defendant had given no answer as to whether Lucas could put it behind defendant's garage. Indeed, defendant stated frankly that he believed Lucas had put it there. The fact that defendant was seen with Lucas, going off with him in a car, on the morning preceding the morning when the whiskey was found on defendant's premises, considered in connection with the testimony relating to defendant's prior conference with Lucas, was a relevant circumstance bearing upon whether the whiskey was on defendant's premises with his knowledge and consent. Thus, the evidence was properly admitted as material to the issue, not for the mere purpose of contradicting defendant in relation to a collateral matter.

Defendant assigns as error portions of the charge as given relating to constructive possession. Defendant concedes that possession may be either active or contructive. *S. v. Harrelson,* 245 N.C. 604, 606, 96 S.E. 2d 867, and cases cited. His contention is based largely on the asserted inadequacy of the court's instructions. "It is elemental that an exception to an excerpt from the charge ordinarily does not challenge the omission of the court to charge further on the same or another aspect of the case." *Peek v. Trust Co.,* 242 N.C. 1, 16, 86 S.E. 2d 745, and cases cited; *Rigsbee v. Perkins,* 242 N.C. 502, 503, 87 S.E. 2d 926. Even so, when the evidential facts are considered, the instructions given appear adequate.

Defendant asserts that the court erred in instructing the jury as follows: ". . . where liquor is on the premises of a person, or any other article of personal property for that matter, with his knowledge *and consent,* it is as a matter of law in his constructive possession." (Our

italics) In S. v. Meyers, 190 N.C. 239, 129 S.E. 600, on which defendant relies, it was held that mere knowledge of the fact that the whiskey was on the defendant's premises was insufficient to establish as a matter of law that such whiskey was in the defendant's constructive possession. However, if nontaxpaid whiskey is on a person's premises with his knowledge *and consent*, he has constructive possession thereof while it remains on premises under his exclusive control.

Assignments of error directed to the court's instructions as to aiding and abetting have been fully considered but do not merit particular discussion. Suffice to say, none discloses prejudicial error.

It is noted that the court explicitly instructed the jury that defendant would not be guilty on either count if another person "came and placed it there behind this garage without his knowledge or consent."

Defendant has failed to show prejudicial error in the conduct of the trial. The judgment, as to the first count, is affirmed. As to the second count, appeal having been taken to entry of judgment suspending the prison sentence, the judgment pronounced on the second count is stricken and the cause is remanded for proper judgment. See S. v. Henderson, 245 N.C. 165, 95 S.E. 2d 594, and S. v. Moore, 245 N.C. 158, 95 S.E. 2d 548, and cases cited therein.

As to first count: No error — Judgment affirmed.

As to second count: No error in trial — Remanded for proper judgment.