GLADYS F. KING, ADMINISTRATOR OF THE ESTATE OF PAMELA FAYE KING, DECEASED v. HOOVER POWELL AND JAMES ADAM KING.

(Filed 18 May, 1960.)

## 1. Appeal and Error § 51—

In an action against two joint tort-feasors in which both defendants introduced evidence, the evidence offered by plaintiff and both defendants must be considered in the light most favorable to plaintiff in passing upon the exception of one of the defendants to the refusal of his motion to nonsuit, and only such defendant's motion made at the close of all of the evidence will be considered on his appeal.

## 2. Automoble § 17—

While a motorist approaching an intersection along a dominant highway may assume that a motorist traveling on the servient highway will stop as required by statute, and may rely on such assumption even to the last moment in the absence of anything which gives or should give him notice to the contrary, the motorist along the dominant highway is nevertheless required not to exceed a speed which is reasonable and prudent under the circumstances, to keep his vehicle under control, to keep a reasonably careful lookout, and to take such action as an ordinarily prudent person would take to avoid a collision when danger of collision is discovered or should have been discovered in the exercise of due care.

## 3. Same—

If a motorist along the dominant highway sees or should see, in the exercise of due care, that a motorist along the servient highway has entered the intersection without stopping as required by statute, and obtains such knowledge, actual or imputed, in time to have avoided a collision by the exercise of due care, his failure to do so is negligence regardless of whether such failure is due to his excessive speed or to his miscalculation that the other car would clear the intersection before contact.

## 4. Automobiles § 41g— Evidence held sufficient for jury on question of negligence of driver approaching intersection on dominant highway.

Evidence tending to show that a motorist along the dominant highway approached an intersection with a servient highway at excessive speed, that a car traveling along the servient highway entered the intersection when he was still 150 feet away, that he put on his brakes, that then, thinking the other car was going to get out of the way, he accelerated his speed, and that after he saw a collision was imminent he again applied his brakes, but was unable to stop before colliding with the other car, is held sufficient to take the question of his negligence to the jury, either on the basis that he was unable to avoid the collision because of excessive speed or on the basis that he failed to keep his car under proper control and maintain a proper lookout after he saw or should have seen that the car traveling the servient highway was not going to stop in obedience to the statute.

**5. Automobiles § 39—**

In this case, the physical facts at the scene of the collision at the intersection, including evidence as to the course, and position of, and damage to the respective cars after the collision, skid marks extending 50 feet from the point of impact along the dominant highway and evidence as to the violence of the impact, *is held* sufficient to support a finding that the driver traveling dominant highway was operating his car at an unlawful and excessive speed.

**6. Automobiles § 35—**

In this action against the drivers of the two cars involved in a collision at an intersection to recover for the death of a passenger in one of the cars, the complaint, liberally construed, *is held* not to allege negligence on the part of one of the drivers as the sole proximate cause of the collision, and the demurrer of the other driver is overruled, the complaint being sufficient to allege concurring negligence.

**7. Appeal and Error § 24—**

An exception to an excerpt from the charge, without exception to any omission or failure of the court to give further instructions, ordinarily does not challenge the omission of the court to charge further on the same or any other aspect of the case.

**8. Trial § 31b—**

Where the court adequately charges the jury on an aspect of the case arising upon the evidence, the failure of the court to give more explicit instructions in regard thereto will not be held for error in the absence of a special request, notwithstanding that appellant would have been entitled to have more explicit instructions given had request therefor been aptly made, especially when the more explicit instructions would have to be predicated upon the jury's rejection of appellant's own testimony.

**9. Automobiles § 40: Evidence §§ 19, 58—**

In an action against two joint tort-feasors it is competent for counsel of one of defendants to ask the other defendant on cross-examination for the purpose of impeachment whether such other defendant had not entered a plea of guilty to a charge of manslaughter arising out of the same accident, it appearing that the charge of manslaughter was based on every element necessary to establish such other defendant's actionable negligence.

APPEALS by defendants from *Fountain, Special J.,* December 7, 1959 Term, of FORSYTH.

The administratrix (mother) of Pamela Faye King instituted this action to recover damages for the death of her intestate, allegedly caused by the joint and concurrent negligence of the defendants.

The instant death of the intestate, a two-year old girl, was caused by a collision that occurred on Sunday, November 30, 1958, about 9:00 a.m., in Montgomery County, within the intersection of two

paved roads, between a 1957 Ford, operated by Hoover Powell, hereafter called Powell, and a 1957 Ford, operated by James Adam King, hereafter called King.

Answering, each defendant denied he was negligent and alleged the collision and the intestate's death were caused solely by the negligence of his codefendant.

The intersecting roads are N. C. Highway #731, nineteen feet wide and extending east-west, and the Troy-Pekin Road, eighteen feet wide and extending north-south. Powell, traveling east, approached the intersection on #731; and King traveling south, approached the intersection on the Troy-Pekin Road. The intestate was a passenger in the King car.

The intersection is referred to as the Troy-Pekin Crossroad and there are one or more buildings on each corner. A shed and Shell Service Station are located on the northwest corner. The Shell Service Station building is back from the north line of #731 a distance variously estimated as from 25 to 55 feet. In addition to said structures, there are trees and hedges on the northwest corner.

As King approached the intersection, these highway signs, on the right (west) side of Troy-Pekin Road, faced him: (1) A "Stop Ahead" sign approximately two-tenths of a mile north of the intersection, and (2) a "Stop" sign approximately seventy feet north of the intersection. As Powell approached the intersection, these highway signs, located on the right (south) side of #731, faced him: A diamond-shaped sign, with a cross on it, indicating a crossroad ahead; and beneath it, on the same post, a 12 x 12 yellow sign with black letters, with the words "35 MPH" on it. These signs, according to Powell's testimony, were some 400 feet west of the intersection where #731 makes a curve on a hill. East of this curve and hill, #731 extends straight and level to the intersection.

#731 is the dominant highway. Powell approached the intersection from King's right. As they approached the intersection, each operator's view of the other was obstructed to some extent by the structures, trees and hedges on or near the northwest corner of the intersection.

When he came to the intersection King did not come to a complete stop, but he slowed down and proceeded across #731. The right front end of the Powell car struck the right side of the King (two-door) car between the rear of the door and the bumper. The impact occurred some five feet south of the center line of #731 and near the center of the Troy-Pekin Road.

The court submitted, and the jury answered, the following issues: "1. Was the plaintiff's intestate killed by the negligence of Hoover

Powell, as alleged in the complaint? Answer: Yes. 2. Was the plaintiff's intestate killed by the negligence of James Adam King, as alleged in the complaint? Answer: Yes. 3. What damages, if any, is the plaintiff entitled to recover? Answer: $12,160.00."

From judgment in accordance with the verdict, each defendant excepted and appealed.

*Averitt & White for plaintiff, appellee.*

*Hudson, Ferrell, Carter, Petree & Stockton for defendant Powell, appellant.*

*Womble, Carlyle, Sandridge & Rice and H. Grady Barnhill, Jr., for defendant King, appellant.*

BOBBIT, J.

1. Powell's appeal. The assignments of error brought forward by Powell in his brief are these: Assignments of error 1 and 2, directed to the denial of his motions for judgment of nonsuit; and assignments of error 3, 4, 5, 6, 7, 8, 11, 12 and 13, directed to designated portions of the court's instructions to the jury. Other assignments of error are deemed abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 544, 562.

Evidence was offered by plaintiff, by Powell and by King. Hence, the only motion for judgment of nonsuit to be considered is that made at the close of all the evidence. G.S. 1-183; *Murray v. Wyatt*, 245 N.C. 123, 128, 95 S.E. 2d 541. In determining its sufficiency for submission to the jury, the evidence, whether offered by plaintiff or by either of the defendants, must be considered in the light most favorable to plaintiff. *Murray v. Wyatt, supra.* Mindful of these well established rules, we consider the evidence tending to support plaintiff's allegations that negligence on the part of Powell was a concurring proximate cause of the collision and of her intestate's death.

With reference to G.S. 20-158(a), the legal principles stated below are well established.

". . . the operator of an automobile, traveling upon a designated main traveled or through highway and approaching an intersecting highway, is under no duty to anticipate that the operator of an automobile approaching on such intersecting highway will fail to stop as required by the statute, and, in the absence of anything which gives or should give notice to the contrary, he will be entitled to assume and to act upon the assumption, even to the last moment, that the operator of the automobile on the intersecting highway will act in obedience to the statute, and stop before entering such designated highway." *Winborne, J. (now C. J.)*, in *Hawes v. Refining Co.*, 236

N.C. 643, 650, 74 S.E. 2d 17; *Blalock v. Hart,* 239 N.C. 475, 80 S.E. 2d 373; *Caughron v. Walker,* 243 N.C. 153, 90 S.E. 2d 305; *Carr v. Lee,* 249 N.C. 712, 107 S.E. 2d 544.

In *Blalock v. Hart, supra, Johnson, J.,* after quoting the above excerpt from *Hawes v. Refining Co., supra,* continues: "However, the driver on a favored highway protected by a statutory stop sign (G.S. 20-158) does not have the absolute right of way in the sense he is not bound to exercise care toward traffic approaching on an intersecting unfavored highway. It is his duty, notwithstanding his favored position, to observe ordinary care, that is, that degree of care which an ordinarily prudent person would exercise under similar circumstances. In the exercise of such duty it is incumbent upon him in approaching and traversing such an intersection (1) to drive at a speed no greater than is reasonable and prudent under the conditions then existing, (2) to keep his motor vehicle under control, (3) to keep a reasonably careful lookout, and (4) to take such action as an ordinarily prudent person would take in avoiding collision with persons or vehicles upon the highway when, in the exercise of due care, danger of such collision is discovered or should have been discoverd." *Caughron v. Walker, supra; Primm v. King,* 249 N.C. 228, 106 S.E. 2d 223; *Carr v. Lee, supra.*

It is noted that the trial judge fully and accurately instructed the jury as to these legal principles.

Plaintiff alleged, in substance, that Powell was negligent in that he failed to perform the legal obligations indicated in (1), (2), (3) and (4) of the above quotation from the opinion in *Blalock v. Hart, supra.*

Powell contends, on authority of *Butner v. Spease,* 217 N.C. 82, 6 S.E. 2d 808, and similar cases (see *Loving v. Whitton,* 241 N.C. 273, 84 S.E. 2d 919, and cases cited therein), that the evidence establishes the negligence of King as the sole proximate cause of the collision. If the only reasonable inference to be drawn from the evidence is that Powell, when he saw or should have seen King enter the intersection, could not have avoided the collision even if he were free from negligence in the respects alleged, the rationale of these decisions would apply. Suffice to say, this is not the only reasonable inference that may be drawn from the evidence.

The testimony most favorable to plaintiff tends to show that Powell approached the intersection in a 35 mile speed zone; that, shortly after the collision, he stated to the investigating State Highway Patrolman that "he was doing approximately 50 miles an hour . . . when he first saw Mr. King's car"; that two solid parallel lines of

skid marks, "roughly 6 feet apart," made by the Powell car, extended 50 feet west from the point of impact; and that the impact was of such violence as to cause three of the passengers in the King car, including the intestate, to be thrown therefrom. This testimony, together with evidence as to the course, position and damaged condition of each car after the collision, was sufficient to support a finding that Powell was operating his car at an unlawful and excessive speed.

Moreover, the evidence most favorable to plaintiff tends to show that the front part of the King car had crossed and was out of the intersection when the collision occurred, and that the Powell car was 100 feet or more away after the King car had actually entered the intersection. Too, a witness testified that Powell stated that he saw the King car when it was 150 feet away; that he put on his brakes; that, thinking the King car was going to get out of the way, he took his foot off the brakes and put it on the gas; and that, when he saw the King car was not going to get out of the way, he put his foot back on the brakes and tried to stop.

The evidence referred to above was sufficient in our opinion to support a finding by the jury that Powell, when he saw the King car enter the intersection, could and should have brought his car under control and stopped, if necessary, and avoided the collision, if he had operated his car at a lawful speed and had exercised reasonable care to have his car under proper control after he saw the King car in the intersection. If Powell was unable or failed to bring his car under control and stop, if necessary, and thereby avoid the collision, either because of his unlawful and excessive speed or because of his assumption that the King car would clear the intersection before he (Powell) reached it, or a combination of these factors, his negligence in respect thereof was a proximate cause of the collision.

For the reasons stated, Powell's assignment of error directed to the court's refusal to enter judgment of nonsuit is overruled.

In this Court, Powell demurred ore tenus to the complaint on the ground that the facts alleged show that King's negligence was the sole proximate cause of the collision. Emphasis is placed upon an allegation to the effect that Powell drove his car into the King car "immediately" after King had entered the intersection. However, when plaintiff's further allegations are considered, to wit, allegations to the effect that Powell, after he saw the King car in the intersection, had opportunity to avoid the collision, we think the word "immediately," when considered in the context of the entire complaint, must be construed as denoting a very short time rather than as denoting simultaneous events. The rule requiring that a pleading be liberally

construed in favor of the pleader would seem to require this interpretation. Moreover, the trial below was conducted on that theory. Hence, Powell's demurrer *ore tenus* is overruled.

In each of the assignments of error relating to the charge, Powell sets out the portion to which exception was taken. In each instance, the quoted excerpt is preceded by these words: "For that the trial court erred in charging the jury as follows, and in failing to declare and explain the law relative to proximate cause and insulated negligence as it related to the evidence in this case, . . ."

Examination of the instructions given in each of the quoted excerpts fails to disclose prejudicial error. Indeed, Powell's brief contains no contention that these instructions are erroneous. Rather, his contention is that they are inadequate in the respect indicated in his assignments of error.

"It is elemental that an exception to an excerpt from the charge ordinarily does not challenge the omission of the court to charge further on the same or another aspect of the case." *Peek v. Trust Co.*, 242 N.C. 1, 16, 86 S.E. 2d 745; *Rigsbee v. Perkins*, 242 N.C. 502, 503, 87 S.E. 2d 926; *S. v. Taylor*, 250 N.C. 363, 365, 108 S.E. 2d 629.

In the case on appeal, no exception was taken by Powell to any omission or failure of the court to give further instructions bearing on any aspect of the case. Thus, the portion of each assignment of error relating to the alleged inadequacy of the charge is not supported by exceptions.

Apart from the foregoing, a careful reading of the charge compels the conclusion that it is in substantial compliance with G.S. 1-180.

While Powell does not indicate with particularity what instructions he contends the court should have given, it would seem that Powell, had he so requested, would have been entitled to an explicit instruction to the effect that if, when he saw or should have seen the King car was not stopping but was entering the intersection, he (Powell) was then so close to the intersection that he could not have avoided the collision even if traveling at a lawful rate of speed, his unlawful or excessive speed, under such circumstances, would not be a proximate cause of the collision. Even so, the instructions given, although in less specific terms, seem sufficient to convey this idea to the jury. Indeed, this idea is very clearly embraced in the court's recital of this contention: "She (plaintiff) contends further that the defendant Powell, had he been driving at a reasonable and prudent rate of speed, could have stopped, and would have stopped, his automobile, if necessary, or at least would have driven it in such a manner,

had his speed been reasonable and prudent, to have avoided the collision."

It is noteworthy that Powell's testimony was that he slowed down from 50 to 35 miles per hour when he passed the "35 MPH" sign; that, as he approached the intersection, his speed was no greater than was reasonable and prudent under the conditions then existing; and that he was not put on notice that King would enter the intersection until he (Powell) had reached a point 50-75 feet from the intersection, at which time he was unable to avoid the collision. Under these circumstances, the failure of the court, in the absence of special request, to give more explicit instructions, such as that indicated in the preceding paragraph, predicated on the hypothesis that the jury would reject Powell's testimony and find that he was driving at an unlawful and excessive speed, is not deemed sufficient ground for a new trial.

2. King's appeal.

The only assignment of error brought forward in King's brief is directed to the competency of King's testimony, elicited on cross-examination by counsel for Powell, to the effect that King had entered a plea of guilty to a charge of manslaughter on account of the death of plaintiff's intestate. The court overruled the objection interposed by King to the question by which this testimony was elicited and the assignment of error is based on King's exception to this ruling.

In 18 A.L.R. 2d 1307, many decisions are cited in support of this statement: "In civil actions where one of the issues is the guilt of a person convicted of a criminal offense, or some fact necessarily involved in the determination of such guilt, the courts are agreed that it is proper to admit evidence of the person's plea of guilty to the criminal offense." For earlier decisions, see 31 A.L.R. 278.

It is noted that the criminal charge of manslaughter on account of the death of plaintiff's intestate included all elements necessary to establish King's actionable negligence. It is noted further that *the fact* of King's plea of guilty is established by his own testimony.

The court sustained King's objections to questions asked plaintiff's witnesses concerning the manslaughter charge and King's plea thereto. The question was allowed only on cross-examination of King. Unquestionably, it was competent, as bearing upon the credibility of King's testimony, for Powell's counsel to elicit the admission that King had pleaded guilty to the manslaughter charge. Whether competent (as an admission) as substantive evidence is not directly presented on this appeal.

After full consideration of each appeal, we find no error deemed

17—252

sufficiently prejudicial to justify a new trial. Hence, the verdict and judgment will not be disturbed.

Powell's appeal—no error.

King's appeal—no error.