STATE OF NORTH CAROLINA v. THEODORE RICHARDSON AND JOHNNIE MACK BROWN

No. 702SC296

(Filed 27 May 1970)

**1. Burglary and Unlawful Breakings § 4; Larceny § 6— evidence found along route defendants pursued from crime scene**

In this prosecution for breaking and entering an appliance store and larceny of five television sets therefrom wherein the State's evidence tended to show that officers pursued from the crime scene a station wagon in which defendants were riding and that when the vehicle was stopped it contained three of the stolen television sets, the trial court

did not err in the admission of evidence pertaining to the two remaining stolen television sets which were found along the route of the officers' pursuit of defendants' vehicle, since it is competent in a prosecution for breaking and entering and larceny to show all of the goods lost from the store and to trace some or all of the articles to defendant.

**2. Burglary and Unlawful Breakings §§ 2, 4;   Larceny §§ 2, 6— exclusion of evidence that stolen property was on consignment**

In this prosecution for breaking and entering an appliance store and the larceny of television sets therefrom, the trial court did not err in the exclusion of evidence sought to be elicited by defense counsel on cross-examination of a State's witness as to whether the television sets were on consignment and were not owned by the appliance company, since it is no defense to either crime that title to the property taken is in one other than the person from whom it was taken.

**3. Burglary and Unlawful Breakings §§ 2, 6;   Larceny §§ 3, 8— felonious breaking and entering — felonious larceny — value of property involved**

Defendants were properly convicted of felonious breaking and entering of an appliance store and felonious larceny of property therefrom without evidence of the value of the property taken and without requiring the jury to fix the value of the property taken, since breaking and entering with intent to commit larceny and larceny committed pursuant to a breaking and entering are felonies without regard to the value of the property involved. G.S. 14-54, G.S. 14-72.

APPEAL by both defendants from *Mintz, J.,* January 1970 Criminal Session, BEAUFORT Superior Court.

Each defendant was charged in a three-count bill of indictment with (1) felonious breaking and entering on 9 January 1970 of premises occupied by Jefferson Gas and Appliance Company, Inc., (2) with felonious larceny of 5 television sets, and (3) receiving stolen goods.

The two cases were consolidated for trial. The defendants entered a plea of not guilty. The jury returned a verdict of guilty as to each defendant on the count of breaking and entering, and likewise on the count of larceny. From the imposition of a prison sentence as to each defendant, there was an appeal to this Court.

The evidence tends to show that about 3:10 a.m. on the morning of 9 January 1970, two deputy sheriffs of Beaufort County, accompanied by J. B. Freeman, were traveling in an automobile southwardly from Washington, North Carolina, on Highway No. 17 approaching the place of business of the appliance company. They saw a station wagon leaving the premises. The officers then drove into the driveway and observed a plate glass window broken out leaving an opening some 5 or 6 feet by 8 feet in size. The officers immedi-

ately pursued the station wagon for a distance of some 5 miles before overtaking it. During this pursuit, speeds in excess of 100 m.p.h. were attained. On at least two occasions the lights of the station wagon were turned off for short distances. When the station wagon finally stopped, three persons, the two defendants and a woman, got out and ran. All three were apprehended by the officers. In the rear of the station wagon three television sets were found, and the tailgate of the station wagon was down. On the way back into Washington a fourth television was found lying in the road, and the next morning a fifth television was found in the road ditch along the route the pursuit had taken. The five television sets were identified by serial numbers as being five sets which had been located in the appliance company when it had closed for business and secured about 5:30 p.m. on 8 January 1970.

After the arrest of the defendant Richardson, he was taken to the Beaufort County Hospital at about 4:00 o'clock a.m. on 9 January 1970, and a doctor removed a piece of glass from his foot.

*Attorney General Robert Morgan by Deputy Attorney General Ralph Moody and Staff Attorney Donald M. Jacobs for the State.*

*LeRoy Scott for defendant appellants.*

CAMPBELL, J.

**[1]**    The defendants assign as error the admission of evidence pertaining to the two television sets which were found in the road and not in the station wagon. There is no merit in this exception. "[E]very circumstance that is calculated to throw any light upon the supposed crime is admissible. The weight of such evidence is for the jury." *State v. Hamilton,* 264 N.C. 277, 286, 141 S.E. 2d 506 (1965). See also *State v. Taylor,* 250 N.C. 363, 108 S.E. 2d 629 (1959). It is always competent in a prosecution for breaking and entering and larceny to show all of the goods lost from a store and to trace some or all of the articles to a defendant. *State v. Willoughby,* 180 N.C. 676, 103 S.E. 903 (1920). Likewise, see *State v. Weinstein,* 224 N.C. 645, 31 S.E. 2d 920 (1944).

**[2]**    The defendants also assign as error the exclusion of evidence elicited on cross examination of a State's witness with regard to the ownership of the television sets. The defendants were attempting to establish that the television sets in question were not owned by the appliance company, but were possibly on consignment. There is no merit in this exception. It is no defense to a larceny charge that title

to the property taken is in one other than the person from whom it was taken. *State v. Smith,* 266 N.C. 747, 147 S.E. 2d 165 (1966); *State v. Cotten,* 2 N.C. App. 305, 163 S.E. 2d 100 (1968). The same rule applies to breaking and entering with larcenous intent. *State v. Crawford,* 3 N.C. App. 337, 164 S.E. 2d 625 (1968) (Certiorari denied, 275 N.C. 138).

[3] The defendants also assign as error the conviction of the defendants for felonious breaking and entering and felonious larceny of property when there was no evidence of the value of the property and without requiring the jury to fix the value of the property in question. There is no merit in this exception. G.S. 14-54 was rewritten in 1969, and now provides:

"*Breaking or entering buildings generally.* — (a) Any person who breaks or enters any building with intent to commit any felony or larceny therein is guilty of a felony and is punishable under G.S. 14-2."

Therefore, for felonious breaking and entering there need be only an intent to commit larceny, and the value of the property involved is immaterial. Likewise, G.S. 14-72 was rewritten in 1969 and provides, in part:

"(b) The crime of larceny is a felony, without regard to the value of the property in question, if the larceny is:

\* \* \*

(2) Committed pursuant to a violation of G.S. 14-51, 14-53, 14-54 or 14-57 . . . ."

It is thus provided that where larceny is committed pursuant to breaking and entering, it constitutes a felony without regard to the value of the property in question. See *State v. Jones,* 275 N.C. 432, 168 S.E. 2d 380 (1969).

We have reviewed all of the assignments of error brought forward by the defendants, and we find

No error.

PARKER and VAUGHN, JJ., concur.