STATE OF NORTH CAROLINA v. CHARLES RAY ADAMS

No. 7526SC650

(Filed 17 December 1975)

**1. Criminal Law § 76— admissibility of confession — absence of findings**

Where no conflicting testimony was offered on *voir dire* to determine the admissibility of a confession, the trial court did not err in failing to make findings of fact in support of its conclusion that the confession was admissible.

**2. Burglary and Unlawful Breakings § 4; Larceny § 6— stolen items — admissibility**

In a prosecution for breaking and entering of a service station and larceny of property therefrom, the trial court properly admitted two credit cards, cans of motor oil and cans of automobile treatment fluid found in a car in which defendant had been riding where the service station manager identified the credit cards as property of the station and testified the cans of motor oil and fluid were similar or the same brand as merchandise taken from the station on the night of the crimes.

**3. Larceny § 8— instruction on possession of recently stolen property — harmless error**

In a prosecution for breaking and entering and larceny, error, if any, in instructing on the doctrine of possession of recently stolen property on the ground defendant was not in possession of property found in a car of which he was neither the owner nor the driver was harmless beyond a reasonable doubt where three black males were observed carrying items from a service station to a yellow Falcon, a short time later three black males, including defendant, were arrested while standing near a yellow Falcon containing the stolen property, and defendant confessed to the crimes.

APPEAL by defendant from *Falls, Judge.* Judgment entered 9 April 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 14 November 1975.

Defendant entered a plea of not guilty to an indictment charging felonious breaking and entering and larceny. The State's evidence tended to establish that on the morning of August 1, 1973, Roy Helms discovered that the Pilot Oil Corporation station which he managed had been broken into and that a quantity of motor oil, two credit cards, and other items had been stolen. Fred Strickhouser testified that at approximately 3:45 a.m. on August 1, 1973 he saw three black males in the station lot carry racks of cans from an outbuilding to an early model yellow Falcon, and place the cans in the car's trunk.

Strickhouser called the police and gave them a description of the car and the direction in which the car was traveling.

Deputy Sheriff A. W. Barringer testified that at approximately 4:00 a.m. on August 1, 1973 he discovered and examined an abandoned Oldsmobile on Highway 29. Upon returning to the abandoned vehicle an hour later, he noticed a Ford Falcon parked behind the Oldsmobile matching the description given by Strickhouser. Further examination of the area revealed three black males standing in a ditch beside the road. The men were taken into custody and read their rights. Two Pilot Oil credit cards, motor oil and other items were found in the Falcon.

Officer W. J. Horner testified that defendant made a statement to him concerning the crime. The court ruled on voir dire that the statement was admissible. The statement was in fact a confession of guilt by the defendant.

Defendant testified in his own behalf that he was flagged down by Donald Stitt and Jeffery Cousar who were traveling in a 1962 yellow Falcon. Defendant further testified that he and his two companions drove down Highway 77 to smoke marijuana. Defendant said he later fell asleep and did not wake up until they parked behind the Oldsmobile on Highway 29 in Cabarrus County. Defendant denied having taken part in the break-in of the Pilot Oil Station, and stated that he did not remember making a statement to Officer Horner.

The jury returned a verdict of guilty as charged. From a judgment imposing a prison sentence defendant appealed to this Court.

*Attorney General Edmisten, by Associate Attorney William H. Guy, for the State.*

*Franklin L. Teague for defendant appellant.*

ARNOLD, Judge.

[1] We disagree with defendant's argument that the trial judge erred in failing to make findings of fact, and failing to enter an adjudication based on its findings, as to the voluntariness of his confession at the conclusion of a voir dire hearing.

There was competent testimony on voir dire by Officer Horner to support the court's finding "as a fact that the defendant was questioned by the officer in the interrogation room at

the Cabarrus County Law Enforcement Center; that he was advised of his rights and understood the rights that were advised him and that any statement which he made was freely, voluntarily and without any fear or coercion or promise or hope of reward and may be admitted into evidence." Defendant offered no evidence on the voir dire hearing.

The courts of North Carolina recognize that it is the better practice for the court to find the facts upon which it concludes a confession is admissible. However, as in this case, when no conflicting testimony is offered on vire dire, it is not error for the judge to admit the confession without making specific findings. *State v. Simmons*, 286 N.C. 681, 213 S.E. 2d 280 (1975); *State v. Lynch*, 279 N.C. 1, 181 S.E. 2d 561 (1971); *State v. Keith*, 266 N.C. 263, 145 S.E. 2d 841 (1966); *In re Simmons*, 24 N.C. App. 28, 210 S.E. 2d 84 (1974).

[2] Defendant next contends that the trial court erred when it allowed into evidence State's exhibits 1-A, 1-B (credit cards), 2-A, 2B (cans of motor oil), 3 and 4 (cans of automobile treatment fluid). Defendant argues that there was no evidence that the items were the property of Pilot Oil Corporation or that they had been stolen from the Woodlawn Road Station. We see no merit in defendant's argument.

It is competent in a prosecution for breaking and entering and larceny to show all the goods lost from a store and to trace some or all of the articles to a defendant. *State v. Richardson*, 8 N.C. App. 298, 174 S.E. 2d 77 (1970). The manager of the Pilot Corp. Station, Mr. Helms, positively identified the credit cards as the property of the Pilot Corp. Station he managed. Mr. Helms further testified that the other exhibits were similar or of the same brand as the merchandise taken from the station on the night of the alleged offense.

[3] Finally, defendant argues that the trial court erred in instructing the jury on the doctrine of possession of recently stolen property. It is defendant's position that he was not in active or constructive possession of the stolen property since he was not the owner or driver of the car in which the property was discovered.

At the time of the robbery a witness observed three black males carrying items from the station to a yellow Falcon. The police were notified and given a description of the yellow Falcon. Less than two hours later three black males were arrested in a

ditch near a yellow Falcon in which the police found the stolen property. One of these three men was the defendant, and following his arrest defendant confessed to the crime.

Any error in the court's instruction regarding the doctrine of possession of recently stolen property was harmless beyond a reasonable doubt as to this defendant.

The defendant had a fair trial, and we can find no prejudicial error.

No error.

Judges BRITT and VAUGHN concur.