RAYMOND A. SCOTT v. WILLIAM T. DARDEN.

(Filed 27 March 1963.)

**1. Automobiles § 41g—**

Evidence in this case *held* sufficient to be submitted to the jury on the issue of defendant's negligence in entering an intersection with a dominant highway without bringing his vehicle to a stop and colliding with plaintiff's truck which was traveling along the dominant highway at a lawful speed. G.S. 120-158(a).

**2. Automobiles § 17—**

The driver of a vehicle along a dominant highway does not have the absolute right of way in the sense that he is relieved of the duty to exercise due care, but he is not under duty to anticipate that the operator of a vehicle approaching along the servient highway will fail to stop as required by law, and in the absence of notice or anything which should give notice to the contrary, is entitled to assume and to act upon the assumption, even to the last moment, that the operator of the other vehicle will stop before entering the intersection.

**3. Automobiles § 42g—**

Evidence tending to show that the driver of the vehicle along the dominant highway saw defendant's vehicle approaching the intersection along the servient highway from his left, that the driver along the dominant highway slowed his vehicle and saw the driver along the servient highway also reduce his speed, and that he acted on the assumption that the driver along the servient highway would stop before entering the intersection, until too late to avoid collision, *is held* insufficient to establish contributory negligence as a matter of law on the part of the driver along the dominant highway.

**4. Negligence § 10—**

The doctrine of last clear chance is essentially one of proximate cause and relates to defendant's negligence constituting a new proximate cause

after defendant's negligence and plaintiff's negligence have created the hazard.

**5. Automobiles § 45—**

Evidence held not to disclose that there was sufficient time, after the situation of peril was or should have been discovered, in which to have avoided the injury, and therefore the doctrine of last clear chance cannot bar recovery.

**6. Trial § 21—**

On motion to nonsuit, plaintiff's evidence is to be taken as true and considered in the light most favorable to him, giving him the benefit of every legitimate inference to be drawn therefrom.

APPEAL by plaintiff from *Morris, J.,* January Civil Term 1963 of WAYNE.

Civil action to recover $400.00 for damage to a 1953 GMC truck allegedly caused by the defendant's negligence.

Defendant in his answer denied negligence on his part, conditionally pleaded contributory negligence as a bar to recovery, and further pleaded that if the defendant were negligent, plaintiff had the last clear chance to avoid the collision.

From a judgment of involuntary nonsuit entered at the close of plaintiff's evidence, he appeals.

*Braswell & Strickland by Thomas E. Strickland for plaintiff appellent.*

*Dees, Dees and Smith by William W. Smith for defendant appellee.*

PARKER, J. Plaintiff's evidence is as follows:

About 9:30 a.m. on 13 November 1961 Larry Shields, an employee of plaintiff, in furtherance of his employer's business was driving a 1953 GMC truck loaded with about thirteen tons of pulpwood south on U. S. Highway #117, and approaching a point where this highway is intersected by a paved road coming out of the town of Calypso. (The complaint alleges the time was 9:30 p.m. It is so stated in plaintiff's brief. Larry Shields, a witness for plaintiff, testified it was in the morning, about 9:30 a.m., and the time is so stated in defendant's brief.) U. S. Highway #117 is a paved four-lane highway, with two lanes for traffic going south and two lanes for traffic going north. Defendant's answer admits this allegation of paragraph five of the complaint:

"5. That pursuant to the laws of this State, a stop sign had prior to November 13, 1961, been placed at the intersection here-

inabove referred to which required all traffic proceeding East and West on the road coming out of Calypso, North Carolina, to stop before entering out onto U.S. Highway #117; that on November 13, 1961, said sign was in its proper place and in full view of all traffic proceeding upon said street."

The weather was clear. There was no other traffic on the highway. Two days before 13 November 1961 the brakes on plaintiff's truck had been repaired, and his truck was in good mechanical condition. When Shields approached the intersection he was driving the truck on the outside lane at a speed of about 40 to 45 miles an hour, and saw defendant driving a 1958 Ford pickup truck in a westerly direction on the road coming out of the town of Calypso and approaching the intersection.

Shields testified as follows on direct examination:

"As I was going south on U. S. Highway #117 I was coming down and this fellow was coming out to the intersection. He slowed down, I thought he was going to stop, and I reduced my speed too; I was running about 40 to 45. I thought he was going to stop and he kept on going and by that time I ran into him. When I first ascertained he was not going to stop, he was so close I didn't hardly have time to apply my brakes. The front end of my vehicle was damaged and the pick-up truck being driven by Mr. Darden was damaged next to the cab on the right hand side.* * *I remained in my right hand lane going south. When the two vehicles came to a stop after the wreck, I was sitting at the edge as you start up the path and he was turned over.* * *At the time the vehicle I was driving and that one being driven by Mr. Darden came in contact with one another I had broke my speed down to about 30 or 35 miles per hour."

Shields testified on cross-examination:

"I thought Mr. Darden was going to make it. I was still in the outside lane. I didn't turn to the inside lane.* * *I didn't hardly have time to mash my brakes before it hit him, but at the time I hit him I stopped. I wasn't quite a truck-length away when I mashed my brakes."

Shields further testified on redirect examination: "After these two vehicles came together my truck didn't even go as far as from here to that table."

Plaintiff's evidence, and defendant's admissions in his answer, would permit a jury to find that plaintiff's truck was traveling on a

dominant highway, and defendant's pickup truck was traveling on a servient highway, at whose entrance into the dominant highway a Stop sign had been erected pursuant to the provisions of G.S. 20-158 (a) ; that in the daytime with an unobstructed view defendant failed to bring his pickup truck to a full stop before entering and proceeding to cross the dominant highway, and without stopping entered and was proceeding to cross the dominant highway when plaintiff's truck approaching the intersection was only a few feet away, and that this evidence considered with the other facts in the case would further permit a jury to find that defendant was guilty of negligence which proximately caused the damage to plaintiff's truck. *Johnson v. Bass*, 256 N.C. 716, 125 S.E. 2d 19; *Primm v. King*, 249 N.C. 228, 106 S.E. 2d 223; *Sebastian v. Motor Lines*, 213 N.C. 770, 197 S.E. 539. Plaintiff alleges defendant's violation of G.S. 20-158 (a) proximately caused damage to his truck.

Plaintiff's evidence would also permit a jury to find that defendant was operating his pickup truck in violation of the reckless-driving statute, G.S. 20-140, proximately causing damage to plaintiff's truck, as alleged in his complaint.

The driver of plaintiff's truck on the dominant highway protected by a statutory Stop sign did not have the absolute right of way, in the sense he was not bound to exercise care toward defendant's pickup truck approaching on the intersecting servient road. *Blalock v. Hart*, 239 N.C. 475, 80 S.E. 2d 373. However, as said in *Hawes v. Refining Co.*, 236 N.C. 643, 74 S.E. 2d 17, quoted with approval in *King v. Powell*, 252 N.C. 506, 114 S.E. 2d 265:

". . .the operator of an automobile, traveling upon a designated main traveled or through highway and approaching an intersecting highway, is under no duty to anticipate that the operator of an automobile approaching on such intersecting highway will fail to stop as required by the statute, and, in the absence of anything which gives or should give notice to the contrary, he will be entitled to assume and to act upon the assumption, even to the last moment, that the operator of the automobile on the intersecting highway will act in obedience to the statute, and stop before entering such designated highway."

Considering all the facts here, particularly defendant's slowing down as he approached the intersection, it cannot be said as a matter of law that plaintiff's driver failed to exercise that degree of care which an ordinarily prudent person would exercise under similar circumstances, so as to bar a recovery by plaintiff on account of the contributory

negligence of his employee-driver. Plaintiff has not proved himself out of court so as to nonsuit him on the ground of contributory negligence. *Lincoln v. R.R.*, 207 N.C. 787, 178 S.E. 601.

Defendant alleges in his answer that plaintiff cannot recover, because his employee-driver had the last clear chance to avoid the collision. In essence, the doctrine of last clear chance is one of proximate cause, *McMillan v. Horne*, 259 N.C. 159, 130 S.E. 2d 52, or as it is differently stated, "the doctrine relates chiefly to, and is a phase of, the law of proximate cause in the sense that, where all the elements are present, defendant's negligence in failing to avoid the accident introduces a new element into the case, which intervenes between plaintiff's negligence and the injury and becomes the direct and proximate cause." 65 C.J.S., Negligence, p. 761. See *Combs v. United States*, 122 F. Supp. 280. It is manifest that plaintiff's evidence does not show as a matter of law that his employee-driver had the last clear chance to avoid the collision so as to hold plaintiff and his employee-driver solely responsible for the collision, and bar any recovery by plaintiff here.

In passing on the motion for judgment of nonsuit we have, as we are required to do, taken plaintiff's evidence as true, considered it in the light most favorable to him, and given him the benefit of every legitimate inference to be drawn therefrom. *Smith v. Rawlins*, 253 N.C. 67, 116 S.E. 2d 184. Plaintiff's *allegata et probata*, so considered, make out a case for the twelve.

The judgment of involuntary nonsuit was improvidently entered, and is

Reversed.