MARSHALL KEITH v. HENRY G. KING AND WIFE, MARIE JONES KING.
AND
HENRY G. KING v. PHILLIP MARSHALL KEITH.

(Filed 2 December, 1964.)

**Automobiles § 46—**

The evidence of one driver was to the effect that she stopped before entering an intersection with a dominant highway, gave a left turn signal, turned left, and had traveled a distance of 100 to 130 feet before the front of a car traveling along the dominant highway struck her. She did not admit that the collision occurred at the intersection. The evidence of the other driver tended to show debris from the collision only 40 feet from the intersection. *Held:* An instruction that it was admitted that the collision occurred at the intersection must be held for prejudicial error, this being a crucial and controverted fact.

APPEAL by Henry G. King and wife, Marie Jones King, from *Clark,* S. J., First March Assigned Civil Session, WAKE Superior Court.

The two civil actions were separately instituted but consolidated and tried together. They grew out of a two-car collision which occurred about 11:30 on the morning of June 2, 1962, on the old Wake Forest Road, U. S. Highway 1-A, near its intersection with Honeysuckle Lane, just north of Raleigh.

In the first action Marshall Keith, owner of a 1956 Pontiac, driven at the time by his minor son, Phillip Marshall Keith, brought suit against Mr. and Mrs. King to recover $300.00 damages to the Pontiac. Mr. Keith alleged the collision occurred at the intersection as a result of the negligence of Mrs. King, the driver of her husband's 1960 Rambler, in that she entered the intersection into his son's lane of travel on the dominant highway without giving any signal of her intention to make the movement, and without ascertaining it could be made in safety.

In the second action, Henry G. King brought suit against Phillip Marshall Keith for $1,000.00 damages to the Rambler and $20,000.00 for his personal injury. The plaintiff alleges that his wife approached U. S. Highway 1-A from Honeysuckle Lane, stopped at the intersection, ascertained that no traffic was in sight on the highway, gave a left turn signal, entered the highway, and proceeded more than 100 feet at about 15 miles an hour towards Raleigh when Phillip Marshall Keith, driving his father's Pontiac at a dangerous rate of speed of more than 55 miles per hour, approached from the rear, lost control of his vehicle, and skidded into the left side of the Rambler which was in its proper lane of traffic. As a result of the impact, the Rambler crashed into a

light pole on the right-hand side of the road, causing property damage and seriously injuring Mr. King.

Phillip Marshall Keith testified: "I was proceeding south toward Raleigh from Millbrook and I came over a hill. When I got within 75 feet of Honeysuckle Lane this car came right out in front of me. Like to scared me to death. I applied my brakes and pulled to the left to try to avoid hitting the car in the side and went into the intersection and when I hit that intersection, loose gravel was there, and this made my car skid and it skidded and collided with the King car. I was going between 50 and 55. . . . There was dirt and glass from my headlights on the highway. This dirt and glass was located 40 feet from the intersection. . . . The distance from the intersection to the light pole pole was 101 feet."

Mrs. King testified she approached Highway 1-A from the east on Honeysuckle Lane, stopped at the sign. At the time there was no traffic in sight on the highway. She gave a left turn signal, entered the highway and proceeded towards Raleigh. At the time she entered the highway the Keith Pontiac had not crossed the hill and was not in sight. She traveled on the highway a distance of 100 to 130 feet when the Pontiac skidded into the left side of the Rambler, knocked it sideways off the road, the right side collided with the light pole.

The investigating officer testified the Rambler was damaged on both sides; the Pontiac only in front.

On appropriate issues, the jury found Mrs. King was negligent; that Phillip Marshall Keith was not negligent, and awarded $300.00 to Mr. Keith and denied any recovery to Mr. King. Mr. and Mrs. King appealed.

*Douglass & Douglass, J. C. Keeter for appellees.*

*Purrington & Culbertson by Charles H. Sedberry, for Henry G. King and Marie J. King, appellants.*

HIGGINS, J. The critical question in this case is whose negligence caused the collision. After explaining the respective duties of motorists at an intersection between a dominant and a servient highway, the court defined an intersection as "the area embraced within the prolongation (of) the lateral boundary lines of the highways." The court charged: "Now, members of the jury, it is admitted that the collision in question occurred at an intersection, that is, the intersection of Honeysuckle Lane and the old Wake Forest Road."

Of course, under ordinary conditions, Mr. Keith had the right of way at the intersection, he being on the dominant road. G.S. 20-158(a);

*Primm v. King,* 249 N.C. 228, 106 S.E. 2d 223. But Mrs. King and her witnesses testified the collision occurred not at the intersection but some 100 to 130 feet down the highway towards Raleigh after she had cleared the intersection. According to all the evidence, she was in her own traffic lane at the time the Keith Pontiac skidded into the side of the vehicle she was driving. At no time, according to the record, did the Kings stipulate or admit the collision occurred at the intersection where ordinarily the Pontiac would have had the right of way. Inadvertently, the court placed the accident at the intersection where the rules of the road gave Mr. Keith the advantage and removed it from the place where the Kings' evidence tended to show it occurred, where the rules favored Mrs. King. In charging the jury that the parties admitted the collision occurred at the intersection, the court took from the Kings the benefit of their evidence that it occured after she had entered and passed the intersection. The instruction was prejudicial error.

New trial.