CURTIS BRADLEY RAPER, ADMINISTRATOR OF CURTIS BRADLEY RAPER, JR. v. CLARENCE C. BYRUM AND JAMES CLARENCE BYRUM, AND CLARENCE C. BYRUM, GUARDIAN AD LITEM OF DEFENDANT, JAMES CLARENCE BYRUM, A MINOR.

(Filed 22 September, 1965.)

**1. Negligence § 26—**

Since the burden of proof on the issue of contributory negligence is upon defendants, a motion for judgment of involuntary nonsuit upon that ground should be allowed only when plaintiff's evidence, considered alone and taken in the light most favorable to him, together with all inferences favorable to him which may reasonably be drawn therefrom, so clearly establishes the defense that no other conclusion can reasonably be drawn.

**2. Negligence § 11—**

It is not necessary that contributory negligence be the sole proximate cause of the injury in order to bar recovery, it being sufficient for this purpose if it be one of the proximate causes thereof.

**3. Automobiles § 41g—**

Evidence permitting a reasonable inference that the driver of a vehicle along a dominant highway having a speed limit of 55 miles per hour drove at a speed of some 60 miles per hour and entered an intersection with a servient highway without reducing speed, is sufficient to be submitted to the jury on the issue of negligence. G.S. 20-141(a, b, c).

269

**4. Automobiles § 7—**

   A motorist is required to keep a reasonable lookout in his direction of travel and is charged with having seen what he would have seen had he looked.

**5. Automobiles § 17—**

   A motorist on a dominant highway does not have an absolute right of way but is under duty not to exceed a speed which is reasonable and prudent under the circumstances, and the duty to keep his vehicle under control, to keep a reasonably careful lookout, and to take such action as an ordinarily prudent person would take to avoid colliding with persons or vehicles upon the highway; nevertheless when he sees that a motorist has stopped his vehicle on the servient highway before entering the intersection, he may assume until the last moment that such motorist will not enter the intersection directly in his path of travel.

**6. Automobiles § 41a—**

   In order to make out his case, plaintiff must introduce evidence tending to show negligence on the part of defendant and also that such negligence was a proximate cause of the accident.

**7. Automobiles § 42g—**

   Plaintiff's own evidence tending to show that his intestate, driving along a servient highway, brought his vehicle to a stop at a point where he had a clear view of the dominant highway to his left for at least a quarter of a mile, that intestate then drove into the intersection at a speed of less than five miles per hour and was struck by defendant's car when intestate had driven some four or five feet into the intersection *is held* to disclose contributory negligence as a matter of law on the part of intestate.

**8. Automobiles § 37—**

   This action involved a collision at an intersection between vehicles driven respectively by plaintiff's intestate and defendant. There was no contention that traffic on the road was in any way a factor in causing the collision. *Held:* Testimony of a third driver as to his speed in approaching the intersection and concerning the absence of traffic meeting him, is irrelevant and was properly excluded.

**9. Appeal and Error § 41—**

   The exclusion of evidence which is merely accumulative and, moreover, would have further supported the judgment of nonsuit cannot be held prejudicial on plaintiff's appeal.

APPEAL by plaintiff from *Copeland, S.J.,* March 1965 Special Session of PASQUOTANK.

Action for wrongful death. The complaint alleges that in the late afternoon or early evening of January 25, 1964, a 1951 Ford automobile, driven by the plaintiff's intestate, north on Road No. 1139 (Body

Road), and a 1964 Chevrolet automobile, owned by the defendant Clarence C. Byrum as a family purpose automobile and driven, as his agent, by his minor son, the defendant Clarence Byrum, east on Road No. 1152 (Halstead Boulevard), collided at a right angle intersection of the two roads in Pasquotank County and that, as a result of the collision, the plaintiff's intestate sustained bodily injuries from which he died five days later without regaining consciousness. It alleges that the minor defendant was negligent in that he drove at a speed of 60 miles or more per hour which was greater than was reasonable under the prevailing conditions; did not decrease his speed when approaching the intersection; did not keep a proper lookout and did not yield the right of way to the automobile driven by the plaintiff's intestate, who, having first stopped in obedience to a stop sign, was proceeding slowly into the intersection; and that such negligence was the proximate cause of the collision and of the death of the plaintiff's intestate.

The answer denies all allegations of negligence on the part of the defendants and alleges that, if they were negligent in any respect, the plaintiff's intestate was guilty of contributory negligence in entering the intersection without bringing his automobile to a stop in obedience to the stop sign facing him, in failing to yield the right of way to the automobile driven by the minor defendant and in failing to keep a proper lookout, all of which is denied in the reply filed by the plaintiff.

At the conclusion of the evidence offered by the plaintiff, the court entered judgment as of nonsuit, from which the plaintiff appeals, assigning as error the granting of the motion therefor and the sustaining of objections to certain evidence offered by the plaintiff.

*John H. Hall for plaintiff appellant.*
*LeRoy, Wells & Shaw for defendant appellees.*

LAKE, J. Since the burden of proof on the issue of contributory negligence is upon the defendants, a motion for judgment of involuntary nonsuit upon that ground should be allowed only when the plaintiff's evidence, considered alone and taken in the light most favorable to him, together with all inferences favorable to him which may reasonably be drawn therefrom, so clearly establishes the defense that no other conclusion can reasonably be drawn. *Cowan v. Transfer Co.*, 262 N.C. 550, 138 S.E. 2d 228; *Waters v. Harris*, 250 N.C. 701, 110 S.E. 2d 283; *Johnson v. Thompson*, 250 N.C. 665, 110 S.E. 2d 306; *Morrisette v. Boone Co.*, 235 N.C. 162, 69 S.E. 2d 239; Strong's N. C. Index, Negligence, § 26, and cases there cited.

Contributory negligence by the plaintiff's intestate which is one of the proximate causes of his death is a bar to the plaintiff's recovery of damages therefor. *Scott v. Telegraph Company,* 198 N.C. 795, 153 S.E. 413. It is not necessary that the negligence of the plaintiff's intestate be the sole proximate cause. *Badders v. Lassiter,* 240 N.C. 413, 82 S.E. 2d 357.

Consequently, the judgment below must be affirmed if the evidence, considered in the light most favorable to the plaintiff, together with all inferences favorable to him which may reasonably be drawn therefrom, either (1) fails to show any negligence on the part of the minor defendant which was one of the proximate causes of the collision and resulting death of plaintiff's intestate; or (2) affirmatively shows, so clearly that no other conclusion can reasonably be drawn therefrom, that the plaintiff's intestate was negligent in the operation of the Ford automobile in one or more of the respects alleged in the defendants' answer and that such negligence by him was one of the proximate causes contributing to his own death. *Ramey v. R. R.,* 262 N.C. 230, 136 S.E. 2d 638; *Williamson v. Randall,* 248 N.C. 20, 102 S.E. 2d 381; *Edwards v. Vaughn,* 238 N.C. 89, 76 S.E. 2d 359; *Lyerly v. Griffin,* 237 N.C. 686, 75 S.E. 2d 730; *Matheny v. Motor Lines,* 233 N.C. 673, 65 S.E. 2d 361.

The evidence, all of which was introduced by the plaintiff, when so considered with all inferences in his favor reasonably drawn therefrom, shows:

Shortly after 5 p.m., on January 25, 1964, the 1951 Ford, driven by the plaintiff's intestate, and the 1964 Chevrolet, driven by the minor defendant, collided in the right angle intersection of Body Road (Rural Paved Road No. 1139) and Halstead Boulevard (Rural Paved Road No. 1152) in Pasquotank County. Plaintiff's intestate was driving north on Body Road, the servient highway. The minor defendant was driving east on Halstead Boulevard, the dominant highway. The sky was cloudy and there had been a heavy rain some two hours earlier. Neither car had its lights on. The intersection is in open country and the maximum speed limit on Halstead Boulevard is 55 miles per hour. An official State Highway stop sign was erected at the intersection facing the plaintiff's intestate, on his right side of Body Road, as he approached the intersection, with which he was familiar. On the south side of Halstead Boulevard (the minor defendant's right), some 600 feet west of the intersection, there was an official State Highway sign warning that there was an intersection ahead.

Each driver was accompanied by one male passenger. Plaintiff's intestate and his passenger, Richard McGraw, who was sitting in the right front seat of the Ford, were both knocked unconscious by the

force of the collision. Plaintiff's intestate died five days later, without ever regaining consciousness, from injuries received in the collision. McGraw had been drinking from a bottle of whiskey which he had in the automobile, but plaintiff's intestate had not drunk any of it and was not under the influence of intoxicating liquor.

As the plaintiff's intestate approached the intersection he stopped beside the stop sign. There is no evidence as to whether he looked in either direction along Halstead Boulevard or, if he did, what he saw. A motorist stopped at that point could see to his left (the direction from which the minor defendant approached) for at least a quarter of a mile along Halstead Boulevard. McGraw looked to his right and saw no approaching traffic, but before he had time to look to his left, plaintiff's intestate started into the intersection at a speed less then five miles per hour. When about half the length of the Ford automobile had gotten into the intersection the collision occurred. McGraw never saw the Chevrolet driven by the minor defendant before the collision.

The glass in the left front window of the Ford, driven by the plaintiff's intestate, had been partially broken out before the collision and a piece of cardboard was fastened by tape over the hole, but the window was rolled three-fourths of the way down so that the cardboard did not obstruct the view.

The most extensive damage to the Ford was at the left fender and left front door. The most extensive damage to the Chevrolet, driven by the minor defendant, was at the right front. Debris, including glass and metal fragments, was found in the intersection three feet from the south edge of Halstead Boulevard (the side from which plaintiff's intestate entered the intersection). There were no tire marks west or south of that point. Tire marks, indicating sideways movement of the Ford to its right, extended 132 feet from the debris, across a triangular traffic island five inches in height, to where the Ford came to rest in the ditch on the north side of Halstead Boulevard, east of Body Road. The Chevrolet, driven by the minor defendant, came to rest in the same ditch 139 feet from the point where the debris lay in the intersection, tire marks running to it from that point.

The minor defendant stated to the investigating patrolman that he "could have been" driving at least 60 miles per hour and that he first realized there was something in front of him when he got right at the intersection and "saw something black and sparks."

From the evidence it is a reasonable inference, though not a necessary one, that as he approached and entered the intersection the minor defendant was, as alleged in the complaint, driving the Chevrolet at a speed in excess of 55 miles per hour and in excess of the maximum speed which would have been reasonable and prudent under the conditions

then prevailing, and failed to reduce his speed in approaching and entering the intersection. If so, he was driving in violation of the statute, G.S. 20-141(a, b, c), and was guilty of negligence. *Rouse v. Jones*, 254 N.C. 575, 119 S.E. 2d 628.

It is also a reasonable but not a necessary inference from this evidence that the minor defendant, as he approached and entered the intersection, did not keep a reasonable lookout in the direction in which he was traveling, as he was under a duty to do. *Rhyne v. Bailey*, 254 N.C. 467, 119 S.E. 2d 385; *Wall v. Bain*, 222 N.C. 375, 23 S.E. 2d 330. A motorist who does not keep such a lookout is nevertheless charged with having seen what he could have seen had he looked, and his liability to one injured in a collision with his vehicle is determined as it would have been had he looked, observed the prevailing conditions and continued to drive as he did.

However, even though the inference be drawn that the minor defendant did not maintain a proper lookout as he approached the intersection, the evidence of the plaintiff necessarily leads to the conclusion that, had he done so, he would have seen the Ford, driven by the plaintiff's intestate, approach the intersection on Body Road and come to a complete stop, as he was required to do by the statute in view of the State Highway stop sign duly erected and facing him. G.S. 20-158. When the plaintiff's intestate again put the Ford in motion, he proceeded not more than half the length of his car into the intersection before the collision occurred. The necessary inference is that when the plaintiff's intestate moved forward into the intersection from the south, the Chevrolet, driven by the minor defendant, was so near to the west side of the intersection that the plaintiff's intestate was required by the statute to yield the right of way and not to enter the intersection until the Chevrolet had passed. G.S. 20-158. *Primm v. King*, 249 N.C. 228, 106 S.E. 2d 223; *Matheny v. Motor Lines, supra.*

"The driver on a favored highway protected by a statutory stop sign does not have the absolute right of way in the sense he is not bound to exercise care toward traffic approaching on an intersecting unfavored highway. It is his duty, notwithstanding his favored position, to observe ordinary care, that is, that degree of care which an ordinarily prudent person would exercise under similar circumstances. In the exercise of such duty, it is incumbent upon him in approaching and traversing such an intersection (1) to drive at a speed no greater than is reasonable and prudent under the conditions then existing, (2) to keep his motor vehicle under control, (3) to keep a reasonably careful lookout, and (4) to take such action as an ordinarily prudent person would take in avoiding collision with persons or vehicles upon the highway when, in the exercise of due care, danger of such collision

is discovered or should have been discovered." *Blalock v. Hart,* 239 N.C. 475, 80 S.E. 2d 373.

Nevertheless, "the operator of an automobile, traveling upon a designated main traveled or through highway and approaching an intersecting highway, is under no duty to anticipate that the operator of an automobile approaching on such intersecting highway will fail to stop as required by the statute, and, in the absence of anything which gives or should give notice to the contrary, he will be entitled to assume and to act upon the assumption, even to the last moment, that the operator of the automobile on the intersecting highway will act in obedience to the statute, and stop before entering such designated highway." *Hawes v. Refining Co.,* 236 N.C. 643, 74 S.E. 2d 17; *Blalock v. Hart, supra; Scott v. Darden,* 259 N.C. 167, 130 S.E. 2d 42. It is even more reasonable for him to assume until the last moment that a motorist on the servient highway who has actually stopped in obedience to the stop sign will yield the right of way to him and will not enter the intersection until he has passed through it.

It is not enough for the plaintiff to show that the minor defendant was negligent in driving at an excessive speed, in failing to reduce his speed as he approached and entered the intersection, or in failing to maintain a reasonable and proper lookout. The burden is also upon the plaintiff to prove that such negligence by the minor defendant was one of the proximate causes of the collision and of his intestate's death. The plaintiff's evidence shows that his intestate, after first coming to a stop in obedience to the stop sign, drove into the intersection when the automobile of the defendants was so near to it that a collision was a virtual certainty. It might well be concluded that this was the sole proximate cause of the collision. See: *Loving v. Whitton,* 241 N.C. 273, 84 S.E. 2d 919; *Marshburn v. Patterson,* 241 N.C. 441, 85 S.E. 2d 683. However, it is not necessary to decide this point.

Even if the negligent act of the plaintiff's intestate in driving into the intersection under the circumstances established by the plaintiff's evidence was not the sole proximate cause of the collision and his resulting death, it was one of the proximate causes, a contributing cause, and is sufficient to bar the plaintiff's recovery in this action. *Badders v. Lassiter, supra; Howard v. Melvin,* 262 N.C. 569, 138 S.E. 2d 238.

G.S. 20-158(a) makes it unlawful for the driver of a vehicle upon the servient highway at an intersection, at which a stop sign has been duly erected by the State Highway Commission, to fail to stop in obedience to the stop sign and yield the right of way to vehicles approaching on the designated main traveled highway. The statute then provides: "No failure so to stop, however, shall be considered contributory negligence *per se* in any action at law for injury to person or property; but the

facts relating to such failure to stop may be considered with the other facts in the case in determining whether the plaintiff in such action was guilty of contributory negligence."

The plaintiff's evidence shows that his intestate brought his Ford automobile to a stop at a point where he had a clear view of the dominant highway to his left for at least a quarter of a mile. If he looked in that direction he must have seen the automobile driven by the minor defendant approaching at what the plaintiff says was a high rate of speed and very close to the intersection. If he did not look and observe it he is nevertheless charged with having seen what he could have seen. In this respect, the same rule applies to him as applies to the minor defendant.

"The right of one starting from a stopped position to undertake to cross an intersection would depend largely upon the distance from the intersection of approaching vehicles and their speed, and unless under the circumstances he would reasonably apprehend no danger of collision from an approaching vehicle it would be his duty to delay his progress until the vehicle had passed." *Matheny v. Motor Lines, supra; Badders v. Lassiter, supra; Edwards v. Vaughn, supra; Jordan v. Blackwelder,* 250 N.C. 189, 108 S.E. 2d 429; *Wooten v. Russell,* 255 N.C. 699, 122 S.E. 2d 603.

The plaintiff's evidence permits no other reasonable conclusion but that his intestate brought his automobile to a stop at a point where he had an unobstructed view of the defendants' automobile approaching on the dominant highway, and that he resumed his progress into the intersection at a very slow rate of speed when the defendants' automobile was so near to the intersection and moving at such a speed that in the exercise of reasonable prudence he should have seen that he could not cross in safety. His entry into the intersection in this manner and under these conditions was negligence and was one of the proximate causes of the collision and of his death, if not the sole proximate cause thereof.

The defendants' motion for judgment as of nonsuit was, therefore, properly granted.

The plaintiff also assigns as error the action of the court in sustaining objections to certain proposed testimony by the plaintiff's witness Norrell concerning his own speed as he proceeded on Halstead Boulevard toward the intersection in question and concerning the absence of traffic meeting him. This evidence had no relation whatever to the collision in question and the objections to it were properly sustained.

The plaintiff's remaining assignments of error were to the sustaining of objections to proposed testimony by his witness William Raper to

the effect that the cardboard taped on the window of the Ford did not obstruct the driver's view. Had this evidence been admitted it would have been merely cumulative and would have further supported the judgment of nonsuit. Its exclusion did not prejudice the plaintiff.

The judgment below is
Affirmed.