VICTORIA L. GREGOR v. EDISON LONZO WILLIS, SR., EDISON LONZO WILLIS, JR., AND ALBERT JOSEPH GREGOR

No. 7022SC242

(Filed 24 June 1970)

1. Automobiles § 57— intersection accident — negligence by driver on servient street — sufficiency of evidence

In this action by a passenger against the driver of the car in which she was riding for injuries received in an intersection accident, plaintiff's evidence was sufficient to be submitted to the jury on the issue of the driver's negligence in (1) failing to keep a proper lookout, (2) failing to yield the right-of-way to traffic on the dominant street, and (3) entering the intersection from a subservient street without first ascertaining that the movement could be made in safety.

**2. Automobiles §§ 8, 19— motorist on servient street — duties at intersection**

> The driver of an automobile on a servient street had a positive duty to determine by proper lookout that she could enter an intersection with a dominant highway with reasonable assurance of safety to herself and others, and was charged with having seen what she could have seen if she had looked, and if she did look, with having seen what she should have seen.

APPEAL by defendant Gregor from *Seay, J.,* November 1969 Civil Session of IREDELL County Superior Court.

Plaintiff instituted this action on 11 December 1966 alleging that she sustained personal injuries on 30 January 1965 when the car in which she was riding was struck at a Statesville intersection by a car owned by defendant Edison Lonzo Willis, Sr. and being operated by defendant Edison Lonzo Willis, Jr. The car in which plaintiff was a passenger was owned by her husband, defendant Albert Joseph Gregor, and was being operated by their daughter, Nancy Ellen Gregor. The complaint alleges and the answer admits that the Gregor car was being operated by the daughter as an agent of the defendant father within the meaning of the family purpose doctrine.

Admissions in the pleadings and plaintiff's evidence established the following: The collision occurred on 30 January 1965 at or about 12:10 p.m. at the intersection of South Meeting Street and West Sharpe Street. The Gregor car was being operated east on West Sharpe Street. Upon reaching the intersection with South Meeting Street the driver of the Gregor car brought the car to a complete stop in obedience to a stop sign lawfully erected at the intersection. South Meeting Street is a two-lane street and is the dominant street with no stop signs or traffic control devices controlling the flow of traffic into and through the intersection in question. The driver of the Gregor car and plaintiff were talking and discussing a shopping trip as their car stopped at the intersection. The driver of the Gregor car pulled into the intersection and was immediately struck on the right front door by the front of the Willis car as the Willis car entered the intersection in a northerly direction, coming from plaintiff's right. The collision occurred in the southeast quadrant of the intersection.

A motion for nonsuit made by defendants Willis at the close of plaintiff's evidence was allowed and plaintiff did not except to that judgment. Defendant Gregor offered no evidence. The issues of his negligence were answered in plaintiff's favor and damages were awarded in the sum of $6,500.00. Defendant Gregor appealed.

*Chamblee, Nash and Frank by Fred G. Chamblee for plaintiff appellee.*

*Collier, Harris & Homesley by Jack R. Harris for defendant appellant.*

GRAHAM, J.

The sole question raised by this appeal is whether the evidence taken in the light most favorable to plaintiff was sufficient to withstand defendant's motion of nonsuit. We hold that it was.

[1]. It is true, as argued by the appellant, that there was no evidence concerning the speed of the Willis car, the actual distance it was from the intersection when the Gregor car entered, or whether appellant's driver looked in either direction before entering the intersection. However, appellant's further answer and defense and cross action alleges that at the same time appellant's driver entered the intersection, the Willis car was approaching the intersection. Also, there was evidence from which it could be legitimately inferred that the collision occurred immediately upon the Gregor car's pulling out into the intersection and at a time when it had completely negotiated only half of the twenty-six foot street. This evidence, when taken in the light most favorable to the plaintiff, was sufficient to support a finding by the jury that appellant was guilty of negligence in any one or more of the following particulars alledged by plaintiff: (1) She failed to keep a proper lookout. (2) She failed to yield the right-of-way to traffic on the dominant street. (3) She entered the intersection from a subservient street without first ascertaining that the movement could be made in safety.

[2]   Appellant's driver had the positive duty to determine by proper lookout that she could enter the intersection with reasonable assurance of safety to herself and others. *Primm v. King,* 249 N.C. 228, 106 S.E. 2d 223. She is charged with having seen what she could have seen if she had looked. *Raper v. Byrum,* 265 N.C. 269, 106 S.E. 2d 223. If she did look, she is charged with having seen what she should have seen. *Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47; *Wall v. Bain,* 222 N.C. 375, 23 S.E. 2d 330. The Willis vehicle unquestionably had the right-of-way as it approached the intersection and it was the duty of appellant's driver to yield the right-of-way. See G.S. 20-158.

Our holding here is not inconsistent with the case of *Farmer v. Reynolds,* 4 N.C. App. 554, 167 S.E. 2d 480, which is strongly relied upon by appellant. There, plaintiff's evidence showed that as the driver on the servient street approached a yield right-of-way sign,

his vision was obstructed by a big holly tree and some hedges near the intersection. No car was seen approaching until his car was at the curb line and proceeding into the intersection. At that time the car approaching on the dominant street was between 200 and 250 feet away. In affirming a judgment of nonsuit in favor of the driver of the car entering the intersection from the servient street, this court held that plaintiff's evidence showed that the motorist on the dominant highway was a sufficient distance from the intersection to warrant the assumption by the driver on the servient street that he could cross in safety before the other vehicle, if operated at a reasonable speed, reached the intersection. In this case plaintiff's evidence does not affirmatively show that when the Gregor car entered the intersection the Willis car was a sufficient distance away to permit appellant's driver to reasonably assume that she could cross the intersection in safety. A reasonable inference from the evidence here is that appellant's driver entered the intersection without making any determination that her movement could be made in safety and that this negligence was a proximate cause of the collision and plaintiff's injuries.

Affirmed.

MALLARD, C.J., and MORRIS, J., concur.